# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KEELING,<br>    Petitioner,<br><br>         v.<br><br>SHANNON, MR., *et al.*,<br>    Respondents. | :<br>:<br>:<br>:     CIVIL ACTION NO.  03-CV-2467<br>:<br>:<br>: |

## MEMORANDUM

**SCHMEHL, J.**      /s/ JLS                                                                 FEBRUARY  20, 2020

*Pro se* Petitioner Michael Keeling, a prisoner in state custody serving an aggregate sentence of sixty to one hundred twenty-seven years for six counts of robbery and three counts of robbery of a motor vehicle,[1] has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 36.)  Keeling seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

## I.    BACKGROUND

The procedural history and factual background of Keeling's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Thomas J. Rueter.  (ECF No. 17.)  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.  Following the denial of a petition for post-conviction relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, Keeling filed his § 2254 petition asserting the following claims:

---

[1] This sentence was to run consecutive to sentences then being served of ninety-eight and one-half years to life imprisonment.

> 1. Petitioner was denied his rights to a speedy trial.
>
> 2. Ineffective assistance of counsel for failure to challenge "per-se" petitioner's legality surrounding the probable cause to arrest on November 18, 1994.
>
> 3. Ineffective assistance of counsel for failure to properly challenge "admissibility" of all evidence introduced at trial per-se his client.
>
> 4. Ineffective assistance of counsel for failure to investigate and adequately prepare by calling numerous witnesses (two) them [sic] were actually "requested" by petitioner prior to any pre-trial proceeding's [sic].
>
> 5. The court erred by failing to suppress the photograph identification's based on the unduly and suggestive photographic array in violation of due process of law.
>
> 6. Pennsylvania Post Conviction Relief Act as a corrective process was inadequate to afford petitioner due process rights.

(ECF No. 17 at 3-4.) Magistrate Judge Rueter recommended that the § 2254 petition be denied, finding that Keeling had exhausted his state court remedies with respect to his first five claims and concluding that they were without merit. Although Magistrate Judge Rueter found that Keeling did not exhaust his state court remedies with respect to his sixth claim, he nonetheless considered it pursuant to 28 U.S.C. §2254(b)(2) and concluded that it was without merit. (ECF No. 17.) Keeling filed Objections to the Report and Recommendation on November 12, 2003. (ECF No. 20.) In an Order filed December 19, 2003, the Court overruled Keeling's Objections, adopted the Report and Recommendation, dismissed the petition with prejudice, and determined that there was no probable cause to issue a certificate of appealability. (ECF No. 21.) Keeling requested, but was denied, a certificate of appealability from the United States Court of Appeals for the Third Circuit on August 9, 2004. (ECF No. 26.)

In the current Motion, Keeling seeks relief pursuant to Rule 60(b).[2] He asserts that the Court "unlawfully acted as a proxy for the Commonwealth/Government" during habeas review because the Commonwealth did not address the merits of two of his claims. (ECF No. 36 at 2-3.)[3] More specifically, Keeling asserts that the "Federal Court did not so direct the Commonwealth/State to satisfy the presumption of correctness (direct the State) under habeas corpus review" to respond to the following claims:

> a). Whether They had 'subject matter jurisdiction" to impose a sentence (after pure violation of anti-shuttle interstate agreement on detainer provisions) . .
>
> b). Suggestive uncounseled photo array/identification rights by one whom alleges actual innocence of a crime . .
>
> wherefore petitioners primary prong (above) were never disputed or rebuttal by the Commonwealth during a first time habeas corpus writ therein . .

(*Id.* at 2 (punctuation and underlining in original).) Keeling cites *Pridgen v. Shannon*, 380 F.3d 721 (3d Cir. 2004), and avers that the foregoing assertions demonstrate that a "mechanism defect" occurred during review of his prior habeas petition which warrants review of his 60(b) motion. (*Id.* at 4.) Keeling concludes his motion by setting forth arguments with respect to the claims identified above. (*Id.* at 8-9.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

---

[2] The Court notes that Keeling has previously filed motions seeking relief pursuant to Rule 60(b). (ECF Nos. 28, 29.) These motions were denied by the Court on May 25, 2005. (ECF No. 30.) Keeling requested a certificate of appealability from the Third Circuit seeking review of the Court's Order denying his 60(b) motions, but this request was denied by the Third Circuit on March 28, 2006. (ECF No. 35.)

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether Petitioner's Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.,*

*Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[4] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to

---

[4] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

5

present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Keeling's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear.

Although Keeling avers that a "mechanism defect" occurred during review of his prior habeas petition,[5] it is clear to the Court that Keeling is actually raising a new, previously unasserted claim (whether subject matter jurisdiction existed to impose a sentence following violation of an interstate detainer agreement, *id.* at 2, 6, 8-9) and relitigating the merits of a prior claim (based on suggestive identification, *id.* at 2, 6, 9). Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court

---

[5] As noted above, Keeling avers that the Commonwealth's failure to respond to certain claims on the merits amounted to a "mechanism," or procedural defect during initial habeas review. (ECF No. 36 at 2.) However, the Supreme Court of the United States has made it clear that the failure to exhaust state remedies does not deprive an appellate court of jurisdiction to consider the merits of a habeas corpus application. *Granberry v. Greer*, 481 U.S. 129, 131 (1987) (citing *Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Rose v. Lundy*, 455 U.S. 509, 515–520). In this matter, the Court was clearly permitted to deny Keeling's habeas petition on the merits notwithstanding his failure to exhaust state remedies on certain claims or the Commonwealth's alleged failure to address certain claims on the merits. 28 U.S.C. § 2254(b)(2).

of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**